UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Lindsay,

    Plaintiff,

                                        Civil Case No. 20-12925

v.

Patricia Fresard,                        Sean F. Cox
                                               United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

In 2016, Judge Patricia Fresard of the Wayne County Circuit Court presided over a state-court case filed by William Lindsay and his wife against an insurance company. Four years after that state-court case was dismissed, Plaintiff William Lindsay filed this action asserting claims against Judge Fresard. The matter is currently before the Court on Defendant Fresard's Motion to Dismiss. The parties have briefed the issues and the Court finds that oral argument is not necessary. The Court shall GRANT Defendant's motion and dismiss this action with prejudice because Judge Fresard is entitled to absolute judicial immunity as to Plaintiff's claims in this case, and because Plaintiff's claims are also time-barred and fail to state a viable claim against Fresard.

**BACKGROUND**

**Plaintiff's 2016 State-Court Case**

On or about February 26, 2016, acting *pro se*, William Lindsay and his wife filed suit against Allstate Insurance Company in Wayne County Circuit Court in Detroit, Michigan. That

1

state-court action was given Case Number 16-002640 and was assigned to Wayne County Circuit Court Judge Patricia Fresard.  (*See* ECF No. 9-1).  The Court will refer to that case as the "State-Court Case."  The Register of Actions for the State-Court Case indicates that Defendant Allstate filed a motion for summary disposition, that Judge Fresard heard oral argument on that motion, and then granted the motion and dismissed the case on October 5, 2016.  (*Id*.).

**Plaintiff's Federal Case Against Judge Fresard**

On October 21, 2020, acting *pro se*, Plaintiff William Lindsay filed this action against Defendant Fresard, the judge that presided over Lindsay's 2016 State-Court Case.  Lindsay filed suit in this court based upon federal-question jurisdiction.  Lindsay seeks to assert claims against Fresard under 42 U.S.C. § 1983 and alleges "Violation of Individual Rights and Due Process of law."  (ECF No. 1 at PageID.4).  He seeks monetary damages "in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00) from the Defendant for misuse of position to violate the individuals rights and Due Process rights of Citizens."  (ECF No. 1 at PageID.5).

Lindsay's *pro se* Complaint includes eight separate counts, all of which are based upon alleged conduct that occurred in connection with his State-Court Case.

"Count 1" alleges that during the hearing held on September 3, 2016, Judge Fresard treated Lindsay differently than his opposing counsel because of his *pro se* status, in that she interrupted Lindsay and caused him to leave "the courtroom with feelings of dehumanization, [and] embarrassment."  (ECF No. 1 at PageID.8).

In Count 2, Lindsay alleges that he "was deprived of his right to obtain clear and complete copies of transcripts of records of which [he] had participated."  (*Id*.)  Lindsay alleges that after he received a copy of the transcript, he "immediately contacted the court reporter's

2

office" to advise that the transcript "did not capture his actual words." He alleges he was "given an appointment to come in to review the visual and audio," but that, upon arrival, "Plaintiff was told that he would have to surrender his cell phone and that he could not go into the room designated to listen and watch the court case proceedings." (*Id*. at PageID.9). There are no factual allegations regarding any conduct on the part of Judge Fresard in relation to this count.

In Counts 3, 4, and 5, Lindsay alleges that his "right to due process of law" was deprived when Judge Fresard: 1) continued to proceed over Lindsay's case after he claimed that Judge Fresard lacked jurisdiction over his case because she not had not taken a proper Oath of Office; 2) behaved unfairly towards him; and 3) used "her position in the court to manipulate the court procedures in providing misdirection to staff" and cause "ostracization of the Plaintiff when seeking right to appeal."

Count 6 of Lindsay's Complaint appears to assert that Judge Fresard lacked jurisdiction over his case because she had not taken an oath of office.

Count 7 is titled "Tampering with Governmental Records" and references "Michigan Penal Code § 750.248" and alleges that the transcript of the hearing he received "did not provide an accurate verbatim of what was said in the court room on the day of hearing" and "Plaintiff notified the court staff and was given ominous responses, and answers regarding the transcript." (*Id*. at PageID.13). Count 8 alleges that Judge Fresard, "along with other parties involved" have violated Michigan and Federal Criminal Statutes.

On January 28, 2021, Defendant Fresard filed a Motion to Dismiss. (ECF No. 9). Plaintiff filed a response to that motion on February 5, 2021. (ECF No. 10). On February 22, 2021, this Court advised the parties that the Court would rule on the motion without holding oral

argument.

On March 12, 2021, Plaintiff filed a Motion to Compel Compliance with Subpoena. (ECF No. 12).

## STANDARD OF DECISION

Defendant's Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001).*" Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Defendant's Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6) and asks this Court to dismiss this action with prejudice because: 1) Plaintiff's claims are barred by the applicable statute of limitations; 2) Fresard is entitled to absolute judicial immunity; 3) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; and 4) Plaintiff fails to state claims against Fresard upon which relief may be granted.

**A.  Judge Fresard Is Entitled To Absolute Judicial Immunity As To Plaintiff's Claims Against Her.**

It is well-established that a judge performing his or her judicial functions is absolutely immune from suit seeking monetary damages. *See Mireless v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct.

286, 116 L.Ed.2d 9 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, although judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. "A judge acts in the clear absence of all jurisdiction only when the matter upon which he [or she] acts is clearly outside the subject matter of the court over which he [or she] presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997). For example, this would occur if a probate court were to conduct a criminal trial. *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994).

Here, Plaintiff's complaint does not include allegations that implicate either of these exceptions to judicial immunity. Plaintiff's claims against Judge Fresard are based upon actions she is alleged to have taken while performing her judicial duties while presiding over the State-Court Case. Thus, Judge Fresard is entitled to absolute judicial immunity and Plaintiff's claims against her shall be dismissed on this basis.

**B.     Plaintiff's Claims Are Also Time-Barred**.

Defendant contends that Plaintiff's claims in this action are also time-barred because Plaintiff's claims are subject to a three-year statute of limitations but were filed more than four years after the date of Plaintiff's alleged injury. (*See* Def.'s Br. at 8).

Although Plaintiff filed a response brief in opposition to Defendant's Motion to Dismiss, Plaintiff did not address the statute of limitations challenge.

This Court concludes that Plaintiff's claims against Fresard are untimely. "In § 1983

5

cases, 'state law determines which statute of limitations applies,' while 'federal law determines when the statutory period begins to run.'" *Garza v. Lansing School District*, 972 F.3d 853, 867 n.8 (6th Cir. 2020) (quoting *Harrison v. Michigan*, 722 F.3d 768, 772-73 (6th Cir. 2013). "Because § 1983 actions 'are best characterized as personal injury actions,' federal courts apply the statute of limitations governing personal injury actions in the state where the action was brought." *Id*. "Thus, § 1983 claims brought in Michigan are subject to its three-year statute of limitations. *See* Mich. Comp. Laws § 600.5805(2)." *Id.*

Here, Plaintiff knew the basis of his alleged injuries in October of 2016. Yet Plaintiff did not file this action until more than four years later. All of his § 1983 claims are time-barred.

**C.     In Addition, Plaintiff Fails To State Viable Claims Against Judge Fresard.**

Defendant's motion also asserts that, in addition to the timeliness issue and absolute judicial immunity, Plaintiff fails to state viable claims against Defendant Fresard. The Court agrees.

Although Defendant Fresard is the only named Defendant in this action, some of the claims asserted by Plaintiff are based upon the conduct of others. For example, Count 2 appears to be based upon alleged actions of a court reporter or other individuals employed at the Court – not Judge Fresard. Count 2 does not allege a viable claim against Fresard.

Counts 7 and 8 allege that Fresard and nameless "others" have violated state and federal criminal statutes and identify Michigan Penal Code 750.248 and 750.217c. Notably, those are state-law *criminal statutes*. As a private litigant, Plaintiff may not bring criminal charges against any individuals. Moreover, the criminal statutes cited do not provide a private right of action to litigants in civil litigation. Thus, both of those counts fail to state a viable claim against Fresard.

The Court also concludes that Plaintiff's limited factual allegations as to Fresard's alleged conduct (eg., interrupting him during oral argument and making him feel embarrassed) are insufficient to state a viable due process claim under § 1983.  Thus, Counts 1, 3, 4, and 5 fail to state a viable claim against Fresard.

Count 2 alleges that Judge Fresard lacked jurisdiction to proceed over Plaintiff's State-Law Case because she had not taken an oath of office.  As shown by the exhibits to Defendant Fresard's motion, that claim fails because Judge Fresard was a validly sworn state circuit court judge at the time she presided over the State-Law Case.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Fresard's Motion to Dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE.[1]

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 8, 2021

---

[1] Given that ruling, Plaintiff's Motion to Compel Compliance with subpoena is denied as moot.